**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109870

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA WHITE, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEIN SUCH & CRANE, L.L.P.,<br><br>Defendant. | Docket No: 2:16-cv-00522-ADS-ARL<br><br>**FIRST AMENDED COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

CYNTHIA WHITE, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against FEIN SUCH & CRANE, L.L.P. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff is an individual who is a citizen of the State of New York.

6.      Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7.      On information and belief, Defendant's principal place of business is located in Parsippany, New Jersey.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.      Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11.      Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12.      At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13.      In its efforts to collect the alleged debt, Defendant contacted Plaintiff by letter dated November 4, 2015 ("the letter"). ("Exhibit 1.")

14.      The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

15.      The letter was Defendant's initial communication with Plaintiff.

16.      Defendant is a law firm.

17.      The letter states, "This firm is a debt collector"

18.      Defendant is a law firm, acting as a debt collector.

19.      The letter is on Defendant's letterhead.

20.      Defendant's letterhead states Defendant is a law firm.

21.      The letter is a mass-produced letter.

22.      The signature line of the letter states that the letter is signed by an attorney.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

23.     The letter is purportedly signed by "Mehmet Basoglu, Esq."

24.     Mehmet Basoglu did not review Plaintiff's individual file before signing the letter.

25.     Mehmet Basoglu did not review Plaintiff's individual file before the letter was sent.

26.     Mehmet Basoglu did not consider Plaintiff's particular circumstances before signing the letter.

27.     Mehmet Basoglu did not consider Plaintiff's particular circumstances before the letter was sent.

28.     Mehmet Basoglu did not give advice to the creditor concerning Plaintiff before signing the letter.

29.     Mehmet Basoglu did not give advice to the creditor concerning Plaintiff before the letter was sent.

30.     Mehmet Basoglu did not receive instructions from the creditor concerning Plaintiff before signing the letter.

31.     Mehmet Basoglu did not receive instructions from the creditor concerning Plaintiff before the letter was sent.

32.     Mehmet Basoglu was not involved in the day-to-day management of Plaintiff's debt before signing the letter.

33.     Mehmet Basoglu was not involved in the day-to-day management of Plaintiff's debt before the letter was sent.

34.     Mehmet Basoglu did not determine that the letter should be sent on November 4, 2015.

35.     Mehmet Basoglu did not participate in the mailing of the letter.

36.     Mehmet Basoglu did not directly control the process by which the letter was sent.

37.     Mehmet Basoglu did not directly supervise the process by which the letter was sent.

38.     The letter states, "This firm is hired to collect on this debt but will only file a foreclosure suit in New York and will not file suit anywhere outside of New York. The law does not require that we wait until the end of the thirty-day period before commencing suit against you in New York to collect this debt except that if, you request proof of the debt or the name and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

address of the original creditor within the thirty-day time period that begins upon your receipt of this notice, the law requires that we stop our collection efforts (through foreclosure in New York) to collect the debt until we mail the requested information to you."

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692e**

39.     Plaintiff repeats and realleges paragraphs 6, 9, 10, 11 and 13 through 37 as if fully restated herein.

40.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

41.     15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

42.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

44.     Defendant was not acting as an attorney concerning the collection of Plaintiff's debt before the letter was signed.

45.     Defendant was acting as a debt collector concerning the collection of Plaintiff's debt before the letter was signed.

46.     Defendant was not acting as an attorney concerning the collection of Plaintiff's debt before the letter was sent.

47.     Defendant was acting as a debt collector concerning the collection of Plaintiff's debt before the letter was sent.

48.     Mehmet Basoglu was not acting as an attorney concerning the collection of Plaintiff's debt before he signed the letter.

49.     Mehmet Basoglu was acting as a debt collector concerning the collection of Plaintiff's debt before he signed the letter.

50.     Mehmet Basoglu was not acting as an attorney concerning the collection of Plaintiff's debt before the letter was sent.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

51.     Mehmet Basoglu was acting as a debt collector concerning the collection of Plaintiff's debt before the letter was sent.

52.     Defendant did not have any meaningful involvement as attorneys in the day-to-day management of the collection of Plaintiff's debt before the letter was signed.

53.     Defendant did not have any meaningful involvement as attorneys in the day-to-day management of the collection of Plaintiff's debt before the letter was sent.

54.     Mehmet Basoglu did not have any meaningful involvement as an attorney in the day-to-day management of the collection of Plaintiff's debt before he signed the letter.

55.     Mehmet Basoglu did not have any meaningful involvement as an attorney in the day-to-day management of the collection of Plaintiff's debt before the letter was sent.

56.     The use of the Defendant's letterhead would lead the least sophisticated consumer to believe the letter was from an attorney, acting as an attorney.

57.     The use of the Defendant's letterhead would lead the least sophisticated consumer to believe the letter was a result of an attorney's meaningful involvement in the day-to-day management of the collection of the debt.

58.     The signature line of the letter would lead the least sophisticated consumer to believe the letter was from an attorney, acting as an attorney.

59.     The signature line of the letter would lead the least sophisticated consumer to believe the letter was a result of an attorney's meaningful involvement in the day-to-day management of the collection of the debt.

60.     Defendant's letter contains no disclaimer concerning the Defendant's lack of meaningful attorney involvement in the day-to-day management of the collection of Plaintiff's debt.

61.     The least sophisticated consumer would likely be mislead by Defendant's actions.

62.     The least sophisticated consumer would likely be deceived by Defendant's conduct.

63.     The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

64.     The least sophisticated consumer would likely be deceived into believing that the communication was from an attorney, acting as an attorney.

65.    The least sophisticated consumer would likely be deceived into believing that an attorney had meaningful involvement in the day-to-day management of the collection of Plaintiff's debt.

66.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

67.    Plaintiff repeats and realleges paragraphs 6, 9, 10, 11, 13 through 15, and 38 as if fully restated herein.

68.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

69.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain, "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

70.    The portion of the letter quoted at paragraph 38 herein, fails to advise Plaintiff that Plaintiff's notification to the debt collector must be in writing, as required by 15 U.S.C. § 1692g(a)(4).

71.    The portion of the letter quoted at paragraph 38 herein, fails to advise Plaintiff that Plaintiff's notification to the debt collector, to trigger the debt collector's duty to obtain verification of the debt, must be in writing.

72.    The portion of the letter quoted at paragraph 38 herein, contradicts other portions of the letter which do advise Plaintiff that Plaintiff's notification to the debt collector, to trigger the debt collector's duty to obtain verification of the debt, must be in writing.

73.    The letter would likely make the least sophisticated consumer uncertain as to her rights.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

74.    The letter would likely make the least sophisticated consumer confused as to her rights.

75.    The letter would likely make the least sophisticated consumer uncertain whether Plaintiff's notification to the debt collector, to trigger the debt collector's duty to obtain verification of the debt, must be in writing.

76.    The letter would likely make the least sophisticated consumer confused as to whether Plaintiff's notification to the debt collector, to trigger the debt collector's duty to obtain verification of the debt, must be in writing.

77.    Defendant has violated 15 U.S.C. § 1692g.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g(a)(5)**
**Validation of Debts**

78.    Plaintiff repeats and realleges paragraphs 6, 9, 10, 11, 13 through 15, 38 and 68 as if fully restated herein.

79.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain, "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

80.    The portion of the letter quoted at paragraph 38 herein, fails to advise Plaintiff that Plaintiff's notification to the debt collector must be in writing, as required by 15 U.S.C. § 1692g(a)(5).

81.    The portion of the letter quoted at paragraph 38 herein, fails to advise Plaintiff that Plaintiff's request to the debt collector, to trigger the debt collector's duty to provide the name and address of the original creditor, if different from the current creditor, must be in writing.

82.    The portion of the letter quoted at paragraph 38 herein, contradicts other portions of the letter which do advise Plaintiff that Plaintiff's notification to the debt collector, to trigger the debt collector's duty to provide the name and address of the original creditor, if different from the current creditor, must be in writing.

83.    The letter would likely make the least sophisticated consumer uncertain as to her

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

rights.

84.    The letter would likely make the least sophisticated consumer confused as to her rights.

85.    The letter would likely make the least sophisticated consumer uncertain whether Plaintiff's notification to the debt collector, to trigger the debt collector's duty to provide the name and address of the original creditor, if different from the current creditor, must be in writing.

86.    The letter would likely make the least sophisticated consumer confused as to whether Plaintiff's notification to the debt collector, to trigger the debt collector's duty to provide the name and address of the original creditor, if different from the current creditor, must be in writing.

87.    Defendant has violated 15 U.S.C. § 1692g.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692e

88.    Plaintiff repeats and realleges paragraphs 6, 9, 10, 11, 13 through 15, 38, 40, 43, 68 through 76, and 79 through 86 as if fully restated herein.

89.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

90.    Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

91.    The letter can reasonably be read to mean Plaintiff's notification to the debt collector, to trigger the debt collector's duty to obtain verification of the debt, must be in writing.

92.    The letter can reasonably be read to mean Plaintiff's notification to the debt collector, to trigger the debt collector's duty to obtain verification of the debt, need not be in writing.

93.    The latter reading is inaccurate.

94.    The letter can reasonably be read to mean that Plaintiff's notification to the debt collector, to trigger the debt collector's duty to provide the name and address of the original creditor, if different from the current creditor, must be in writing.

95.    The letter can reasonably be read to mean that Plaintiff's notification to the debt

collector, to trigger the debt collector's duty to provide the name and address of the original creditor, if different from the current creditor, need not be in writing.

96.     The latter reading is inaccurate.

97.     Defendant has violated § 1692e.

## CLASS ALLEGATIONS

98.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the state of New York from whom Defendant attempted to collect a delinquent consumer debt using the same unlawful conduct described herein, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

99.     Defendant regularly engages in debt collection, using the same tactics described herein, in their attempts to collect delinquent consumer debts from other persons.

100.    The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts.

101.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

102.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

103.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a.  Certify this action as a class action; and

    b.  Appoint Plaintiff as Class Representative of the Class, and her attorneys as Class Counsel; and

    c.  Find that Defendant's actions violate the FDCPA; and

    d.  Grant statutory damages against Defendant pursuant to the FDCPA, 15 U.S.C. § 1692k; and

    e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.  Grant Plaintiff's costs; all together with

    g.  Such other relief that the Court determines is just and proper.

DATED: March 23, 2016

**BARSHAY SANDERS, PLLC**

By:  _/s/ David M. Barshay_
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109870